UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20111-CMA

UNITED STATES OF AMERICA

vs.

PEDRO FERREIRO CONDE,

    Defendant.

_____/

**<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

The United States of America, by and through the undersigned Assistant United States Attorney Timothy J. Abraham, hereby files this sentencing memorandum to provide further briefing and authority to the Court as permitted on October 12, 2021.

**The Government Has Proved Sufficient Facts To Establish Sophisticated Laundering**

The sole issue remaining is whether the 2-level enhancement for sophisticated laundering pursuant to U.S.S.G. § 2S1.1(b)(3) applies to Defendant Pedro Ferreiro Conde's offense conduct. Here, the Government has proved sufficient facts, based on the factual proffer and the undisputed offense conduct in the PSI, to establish the application of this enhancement.

The 2-level increase under Section 2S1.1(b)(3) of the U.S. Sentencing Guidelines for "sophisticated laundering" applies if there was "complex or intricate offense conduct pertaining to the execution or concealment of the 18 U.S.C. § 1956 offense." U.S.S.G. 2S1.1, Application Note 5(A). Application Note 5(A) specifies that "sophisticated laundering" typically involves, among other things, the use of (i) fictitious entities; (ii) shell corporations; (iii) two or more

levels (i.e. layering) of ….transmissions…involving criminally derived funds that were intended to appear legitimate…"

As part of his factual proffer, the Defendant does not contest that the Government has proof that the overall money laundering scheme involved phony corporate bank accounts receiving the health care fraud proceeds and sending that money to other "layers" of fictitious corporations to further conceal the proceeds. [DE 74]. For example, on September 3, 2019, a check for $13,519 is paid from RGC Flooring Corp. (a fictitious corporation) to JD Solution USA, Inc. (another fictitious corporation). Based on the offense conduct here, the Court should apply the sophisticated laundering enhancement.

**Application Note 5(B) Does Not Preclude Application of the Enhancement In This Case**

The Defendant argues Application Note 5(B) precludes application of this enhancement to his offense level. Application Note (5)(B) to §2S1.1(b)(3) states that "if §2S1.1(b)(3) applies, and the conduct that forms the basis for an enhancement under the guideline applicable to the underlying offense is the only conduct that forms the basis for application of subsection (b)(3) of this guideline, do not apply subsection (b)(3) of this guideline."

Defendant argues that, "[i]n other words, the same conduct should not be used to *twice increase* a defendant's adjusted offense level. Here, where the Defendant's offense level has already received a two (2) point increase for the conduct contemplated by §2S1.1(b)(3), an additional adjustment under that section is forbidden."  (emphasis added and footnote omitted). Def's Obj. to PSI at Paragraph 5.

However, there is no "double-counting" by applying a sophisticated laundering enhancement to this Defendant. The Defendant is receiving a 2-level enhancement for being convicted of a conspiracy to violate Section 1956 (rather than a conspiracy to violate section

2

1957). 2S1.1(b)(2)(B). The Defendant is then receiving a *separate* 2-level enhancement for "complex or intricate offense conduct pertaining to the execution or concealment of the [Section 1956] offense." *See* U.S.S.G. § 2S1.1 Application Note 5(A).

Application Note 5(B) is meant to apply to situations where a defendant is being sentenced on an underlying offense and a money laundering offense. In those situations, it prevents the same conduct from being used to receive two separate two-level enhancements.

In *United States v. Reyes*, the Eleventh Circuit rejected an argument about this enhancement similar to the one made by the Defendant here. 781 Fed. Appx. 965, 968 (11th Cir. 2019). In *Reyes*, the defendant argued on appeal that Application Note 5(B) precluded a sophisticated laundering enhancement because he was not involved in the underlying offense. *Id.* However, the Eleventh Circuit advised that Application Note 5(B) is designed to prevent a defendant from "receiving the same enhancement both for the underlying offense and the sophisticated laundering." *Id.* The Eleventh Circuit found it clearly inapplicable because Reyes, who was only convicted and sentenced for money laundering, did not participate in the underlying fraud offense and was not sentenced for the underlying fraud offense. *Id.* Likewise, Defendant Ferreiro Conde is not being sentenced for any underlying offense but only for a money laundering offense. As the *Reyes* Court did, this Court should reject Defendant's argument regarding Application Note 5(B).[1]

---

[1] Application Note 5(B) is meant to prevent a defendant convicted of an underlying fraud offense and a 1956 money laundering offense from being punished twice for the same *sophisticated* complex and intricate conduct. So for example, if a defendant is convicted of a fraud offense and the facts indicate that they can qualify for the two-level enhancement for sophisticated means under 2B1.1(b)(10)(C) for "especially complex" or "especially intricate" offense conduct pertaining to the execution or concealment of the offense [as defined in Application Note 9(B)], then Application Note 5(B) will prevent that defendant from also receiving the two-level sophisticated laundering enhancement for the same conduct. *But see United States v. Cabrera*, 635 Fed. Appx. 801, 808 (11th Cir. 2015) (Application Note 5(B) read

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: October 19, 2021     By: /s/ Timothy J. Abraham

Timothy J. Abraham
Assistant United States Attorney
Florida Bar No. 114372
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (786) 877-4964
Timothy.Abraham2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I filed the foregoing which served notice to the parties on October 19, 2021.

/s/ Timothy Abraham
Assistant United States Attorney

---

not to preclude the application of both sophisticated means and sophisticated laundering when they are based on distinct conduct).